O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | Case No. EDCV 08-762-VAP (OPx) |
| Plaintiff, | **[Motion filed on October 16, 2008]** |
| v. | |
| DONALDSON COMPANY, INC., DIGITAL DYNAMICS, INC.; and DOES 1 through 50, | **ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| Defendants. | |

     The Court has received and considered all documents

filed in support of, and in opposition to Defendant

Donaldson's Motion for Partial Judgment on the Pleadings.

For the foregoing reasons, the Court GRANTS the Motion.


## I. BACKGROUND

     Plaintiff American Home Assurance Company filed a

Complaint in the Superior Court of San Bernardino County

on August 15, 2007, naming as Defendants Donaldson

Company, Inc. and Digital Dynamics, Inc.  (See Compl.)

The Complaint contains three claims, each arising out of

1  an explosion at a sterilization plant in Ontario,

2  California: strict liability; negligence; and, breach of

3  implied warranties.  (<u>Id.</u>)

4

5      Defendants removed the case from state court to the

6  District Court on June 6, 2008 on the basis of diversity

7  jurisdiction.  <u>See</u> 28 U.S.C. § 1332.  Defendants filed a

8  conformed copy of their Answers on June 6, 2008.

9

10     On October 16, 2008, Defendant Donaldson filed a

11 Motion for Partial Judgment on the Pleadings ("Motion").

12 Plaintiff filed an Opposition ("Opp'n) on October 27,

13 2008.

14

15                    **II. LEGAL STANDARD**

16     A motion for judgment on the pleadings is a vehicle

17 for summary adjudication, but the standard is like that

18 of a motion to dismiss.  <u>Hishon v. King & Spalding</u>, 467

19 U.S. 69, 73 (1984); <u>Dworkin v. Hustler Magazine, Inc.</u>,

20 867 F.2d 1188, 1192 (9th Cir. 1989).  It is "functionally

21 identical" to a motion to dismiss for failure to state a

22 claim; the only significant difference is that a 12(c)

23 motion is properly brought "after the pleadings are

24 closed - but early enough not to delay trial."  Fed. R.

25 Civ. P. 12(c); <u>Dworkin</u>, 867 F.2d at 1192; <u>see</u> William W.

26 Schwarzer, A. Wallace Tashima & James M. Wagstaffe,

27 <u>Federal Civil Procedure Before Trial</u> § 9:319-323.

28

1    The Court may grant judgment on the pleadings "when,

2 taking all allegations in the pleading as true, the

3 moving party is entitled to judgment as a matter of law."

4 McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir.

5 1996); Baker v. Citibank (S.D.) N.A., 13 F. Supp. 2d

6 1037, 1044 (S.D. Cal. 1998).  The court must assume the

7 truthfulness of all material facts alleged and construe

8 all inferences reasonably to be drawn from the facts in

9 favor of the responding party.  General Conference Corp.

10 of Seventh-Day Adventists v. Seventh-Day Adventist

11 Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989);

12 McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th

13 Cir. 1988); see NL Industries, Inc. v. Kaplan, 792 F.2d

14 896, 898 (9th Cir. 1986).

15

16                    **III. DISCUSSION**

17    Defendant Donaldson brings this Motion properly after

18 the "close of pleadings," as both Defendants have filed

19 their Answers to the Complaint.  In its Motion, Defendant

20 Donaldson seeks partial judgment on the pleadings as to

21 Plaintiff's implied warranties claim.  (See Mot.)

22 Defendant Donaldson argues Plaintiff failed to plead

23 "notice" in its implied warranties claim.  (See Mot. at

24 4.)  Plaintiff does not dispute Defendant's argument and,

25 in its Opposition, seeks leave to file an amended

26 complaint, attached to the Opposition and which adds

27

28

1  allegations of notice to the implied warranties claim, as

2  well as a new claim.  (<u>See</u> Opp'n.)

3

4      Plaintiff's failure to plead "notice" dooms its

5  implied warranties claim.  <u>See</u>, <u>e.g.</u>, <u>Vogel v. Thrifty</u>

6  <u>Drug Co.</u>, 43 Cal. 2d 184, 187 (1954).  Plaintiff does not

7  oppose this Motion; its request for leave to amend its

8  Complaint, given the early stage of the litigation and

9  lack of any prejudice to Defendant, is well taken.  The

10 Court has discretion to grant Plaintiff leave to amend

11 the Complaint.  <u>See</u> <u>Ambersbach v. City of Cleveland</u>, 598

12 F.2d 1033, 1038 (6th Cir. 1979).  In the interest of

13 justice, the Court grants Plaintiff leave to amend its

14 Complaint.

15

16              **IV. CONCLUSION**

17     For the foregoing reasons, the Court GRANTS Defendant

18 Donaldson's Motion for Partial Judgment on the Pleadings.

19 Plaintiff may file an Amended Complaint no later than

20 November 20, 2008.

21

22

23 Dated:   October 31, 2008      _____
                                   VIRGINIA A. PHILLIPS
                                United States District Judge

24

25

26

27

28

4